GRIGSBY, Appellant, v. VERCH, Respondent.

(146 N. W. 1075.)

1. **Real Property—Conveyance—Absolute Deed as Mortgage—Bona Fide Purchaser.**

Under Civ. Code, Sec. 2071, providing that, when a grant of realty purports to be an absolute conveyance, but is intended to be defeasible, it is not defeated or affected as against others than grantee, his heirs, etc., or persons having actual notice, unless a defeasance shall have been recorded, **held,** that an absolute deed, though intended as a mortgage, conveyed absolute title as to a party claiming under the grantee's assignee for benefit of creditors, without actual notice of the oral defeasance; and, there being no right · or interest remaining in the grantor, neither he nor a party to whom he subsequently quitclaimed could assert any rights in the land, whether or not the transfer by the assignee was regular, and whether or not the assignment proceedings had any force or effect. Following Grigsby v. Larson, 24 S. D. 628, 124 N. W. 856.

2. **Estoppel—Absolute Deed as Mortgage—Failure to Subsequently Assert Title—Laches—Bona Fide Purchaser.**

Where the grantor in an absolute deed intended as a mortgage, and his subsequent grantee by quitclaim, made no claim to the land, and saw it sold and conveyed by the original grantee's assignee for benefit of creditors, and by the purchaser from the assignee to a subsequent grantee, they were estopped to claim title.

(Opinion filed May 4, 1914.)

Appeal from Circuit Court, Beadle County. Hon. ALVA E. TAYLOR, Judge.

Action by Melvin Grigsby against Gustav P. Verch, to quiet title to realty. From a judgment for defendant, and from an order denying a new trial, plaintiff appeals. Affirmed.

*Grigsby & Grigsby,* and *Null & Royhl,* for Appellant.

Respondent claims under a warranty deed and cannot set up estoppel as a defense. Goss v. Herman, 20 N. D.; 127 N. W.; Gjerstadengen v. Hartzell, 9 N. D., 268; 83 N. W. 231.

No laches or estoppel has been shown which would bar the

title of Day and his grantee the appellant. Goss v. Herman, supra.

*Gardner, Fairbank & Churchill,* and *Boyce, Warren & Fairbank,* for Respondent.

The respondent held a direct and complete chain of title to this land from F. T. Day through the Plankinton Bank an l its assignees. This paper title is good.

Neither Day, nor Plankinton Bank, nor Grigsby, can raise any question as to validity of the assignments, they are estopped by deed. 4 Cyc. 146; 16 Cyc. page 686; Lucy v. Freeman (Minn.) 101 N. W. 167.

The assignee of the bank sold this land for value in good faith under order of the court. The parties paid their money relying upon the different deeds from the bank and from Momsem as assignee of Day.

The deed from Day to the bank was not a mortgage as far as Wilson was concerned. Joy v. Midland State Bank, 128 N. W. 147; Section 2071 of the Civil Code.

The appellant is now estopped from asserting title in this land. Grigsby v. Larson, 124 N. W. 856; Ormsby v. Johnson, 124 N. W. 436; Wampole v. Kountz, 14 S. D. 335; Sweatman v. Deadwood, 9 S. D. 380.

McCOY, J. [1, 2] It appears that one Day, on and prior to the 24th day of May, 1893, was the fee owner of the S. W. ¼ of Sec. 22, T. 109, R. 60, in Beadle County; that on said date said Day by quit-claim deed, purporting on its face to be an absolute deed, conveyed to the Plankinton Bank of Milwaukee, Wisconsin, all his right, title and interest in and to said land; that thereafter on the 1st day of June, 1893, the said Plankinton Bank by said Day, its president, made a general assignment for the benefit of creditors to one Plankinton as assignee; that on the 3rd day of June, 1893, the said Day made a general assignment for the benefit of creditors to one Momsen; that on the 23rd day of August, 1901, the assignee of said Plankinton Bank, by order of court, sold and conveyed said land to one Jenkins: that on the 24th day of November, 1902, the assignee of said Day, by order of court, sold and conveyed the said land to said Jenkins, which deed was recorded July 24th, 1906; that thereafter said Jenkins sold and conveyed said land to one Jochem, and thereafter, on the 29th day of May, 1903, said

Jochem by warranty deed sold and conveyed said land to defendant for the cash consideration of $1600.00 the full value of said land. On the 10th day of June, 1905, the said Day, by quitclaim, conveyed to plaintiff whatever right, title or interest he then had in said land. It also apears that on the 24th day of November, 1902, the said Plankinton Bank conveyed by deed to one Herman as assignee of said bank; that thereafter said Herman deeded and conveyed said land to said Jochem on the 26th day of November, 1902. It appears that said Day at all times had knowledge concerning the said assignment proceedings, both in the assignment made by himself and in the assignment made by him as president of the Plankinton Bank; that said Day or plaintiff never made any claim to said land prior to the beginning of this action; that in 1894 the said land was sold for taxes to one Benson who thereafter paid the taxes thereon until 1902, and the whole of said taxes were redeemed by defendant, and that all subsequent taxes have been paid by defendant. On the trial the court found among other things that said Day and the plaintiff have been guilty of laches and should now be estopped from asserting any interest to the said land adverse to plaintiff, and entered judgment accordingly. Plaintiff appeals. The facts and circumstances and issues presented by this appeal are almost precisely the same as those in the case of Grigsby v. Larson, 24 S. D. 628, 124 N. W. 856. The decision in this case will be governed by the rule in that case. It is contended in this case that the deed from Day to the Plankinton Bank, dated May 24, 1893, was in fact a mortgage, and conveyed no title to said bank,—that at the time said deed was executed and delivered there was a verbal understanding that it was given as security for some indebtedness of Day to said bank. As against the defendant in this case without actual notice of the oral defeasance it must be held to be an absolute deed, and as conveying absolute title to said bank. Section 2071, Civil Code, provides: "When a grant of real property purports to be an absolute conveyance, but is intended to be defeasable on the performance of certain conditions, such grant is not defeated or affected as against any person other than the grantee or his heirs or devisees or persons having actual notice, unless an instrument of defeasance, duly executed and acknowledged, shall have been recorded in the office of the

register of deeds of the county where the property is situated."
If Day transferred, as against this defendant, all his right, title
and interest, in said land to said bank, then it necessarily follows
he had no interest remaining to be transferred to plaintiff, and
plaintiff stands in this action, as against the defendant, with-
out any title whatsoever upon which he could base or maintain
this action, and it therefore would be immaterial, so far as plaintiff
is concerned, whether the transfers by the assignees for the ben-
efit of the creditors were regular or not, or whether or not the
said assignment proceedings have any force or effect in this
state.    The creditors of the bank might, if the assignment sale
was void, still have some interest but Day and his successors
would have none.    The plaintiff and his predecessor in alleged
interest stood by and made no claim of interest in said land, and
saw the same sold and conveyed by the said assignees to Jenk-
ins, and by Jenkins to Jochem, and by Jochem to defendant. We
are of the opinion that this constitutes a complete estoppel. All
the various assignments of error have been fully considered. Noth-
ing has been overlooked.

Finding no error in the record the judgment and order ap-
pealed from are affirmed.