WILSON, Respondent, v. GRIGSBY et al., Appellants.

(147 N. W. 992.)

**Vendor and Purchaser—Bona Fide Purchaser—Estoppel.**

Where the president of a bank conveyed by quitclaim deed absolute in form, land to the bank, and the bank and the president thereafter made respective assignments for benefit of creditors, and the assignees sold the land by order of court to a purchaser under whom plaintiff claimed, but before conveyance by the purchaser the president conveyed by quitclaim deed which was not recorded until after plaintiff acquired title, and plaintiff had no notice, actual or constructive, that the president or his grantee claimed any interest in the land, and for eleven years no claim was made, **held**, the president and his successor in interest were estopped from asserting any claim against plaintiff's title. Following Grigsby v. Larson, 24 S. D. 628, and Grigsby v. Verch, 146 N. W. 1075.

(Opinion filed July 6, 1914.)

Appeal from Circuit Court, Beadle County. Hon. ALVA E. TAYLOR, Judge.

Action by David S. Wilson against Melvin Grigsby and an-

other, to quiet title. From a judgment for plaintiff, and from an order denying a new trial, defendants appeal. Affirmed.

   *Grigsby & Grigsby,* and *Null & Royhl,* for Appellants.

   *Gardner, Fairbank & Churchill,* and *Boyce, Warren & Fairbank,* for Respondent.

   Appellants submitted: No estoppel has been shown which would bar the title of Day and his grantee, the appellant. And cited:

   Smith v. Cleaver, (S. D.) 126 N. W. 589; McQueen v. Bank of Edgemont, 20 S. D. 381; Sutton v. Consolidated Apex Mining Co., 15 S. D. 410; Kenney v. McKenzie, 23 S. D. 111. Respondent was not an innocent purchaser and must be charged with notice as to adverse claims. Cambridge Valley Bank v. Delano, 48 N. Y. p. 336; Wade on Law of Notice, articles 15, 17, 251, 308, 313.

   Respondent submitted that: The appellant is estopped from asserting title in this land. And cited:

   Grigsby v. Larson, 124 N. W. 856; Ormsby v. Johnson, 124 N. W. 436; Kenny v. McKenzie, 127 N. W. 597; Winterberg v. Van De Vorst, 122 N. W. 866; Boschker v. Van Beek, 122 N. W. 338; Warner v. Hamill, 110 N. W. 939; Farr v. Semler, 123 N. W. 936; Wampole v. Kountz, 14 S. D. 335; Sweatman v. Deadwood, 9 S. D. 380; Shelby v. Bowden, 94 N. W. 418.

   McCOY, J. This was an action by plaintiff and respondent to quiet title to the North East Quarter of Section Twenty-three, Township 111, North of Range 63, in Beadle County. Findings and judgment were in favor of plaintiff, and defendant appeals. The insufficiency of the evidence to sustain the findings and judgment is assigned.

   It appears that one Day, on or prior to the 24th day of May, 1893, was the fee owner of said land; that on said date, Day, by quit-claim deed, purporting on its face to be an absolute deed, conveyed to the Plankinton Bank of Milwaukee, Wisconsin, all his right, title and interest in and to said land; that thereafter on the 1st day of June, 1893, the said Plankinton Bank, by said Day, its president, made a general assignment of all its property for the benefit of its creditors; that on the 3rd day of June, 1893, said Day, for himself, made a general assignment of all his individual property for the benefit of his creditors; that on the 23rd day of

August, 1901, the assignee of said Plankinton Bank, by order of Court, sold and conveyed said land to one Jenkins; that on the 24th day of November, 1902, the assignee of said Day, by order of the court, also sold and conveyed the said land to said Jenkins; that the said deed from the assignee of Day to Jenkins was made for the purpose of saving the question and expense of foreclosure under the said deed from Day to the said Plankinton Bank, it being claimed that the said deed from Day to the Plankinton Bank was given as security and as a mortgage, although absolute on its face; that thereafter the said Jenkins sold and conveyed the said land to one Jochem, and thereafter, on Aug. 12th, 1903, the said Jochem conveyed said land to one Klaveness; that thereafter on the 13th day of August, 1903, the said Klaveness conveyed the said land to one Eberhart, and that thereafter the said Eberhart, on the 31st day of May, 1905, for full cash value, conveyed said land to plaintiff. It also appears that on the 3rd day of January, 1903, the said Day executed and delivered to appellant a quit-claim deed of said land, and that said deed was recorded on April 10th, 1903, but on account of a defect in acknowledgement said deed was not entitled to be recorded, and that the same was not acknowledged and recorded until the 16th day of June, 1905. It also appears that said Day knew and had knowledge that his assignee and the assignee of the Plankinton Bank were claiming to be the owners of said land, and that said assignees were disposing of said estates, and that for some eleven years after the date of said assignments for the benefit of creditors made no claim to any interest in said lands. It also appears that plaintiff at the time of the conveyance to him had no actual or constructive notice that said Day or the appellants claimed or had any interest in said land; that at the time of the conveyance to plaintiff the said land was vacant and unoccupied. The court among other things found that Day and his successor in interest, the appellants, were estopped from making any claim against the plaintiff. We are of the view that the evidence sustains this finding. What is said in the case of Grigsby v. Larson, 24 S. D. 628, 124 N. W. 856, and in Grigsby v. Verch, 146 N. W. 1075, as to the effect of the quit claim deed of Day to the Plankinton Bank applies in this case. Further, conceding that the said deed was a mortgage, whatever interest was left in Day was transferred to his assignee, or was so treated by

Day, and when Day's assignee transferred by order of court to Jenkins that apparently transferred whatever equity Day then had remaining in this land. Day was a party to both assignments, and could not help but know that the purpose of the assignments was to make a sale of the assigned property for the benefit of the creditors of Day and the bank. Day knew all these things and that the assignees were claiming the title to this land. For some eleven years he made no objections to the actions or claims of the assignees. It is fair to presume that the creditors of Day and the Bank received the value of this land. All the various assignments of error have been fully considered. Viewing the case as already indicated it will serve no useful purpose to further refer to other assignments of error.

The judgment and order appealed from are affirmed.