## GRIGSBY v. LARSON.

To determine on which side of the court—the jury or law side, or the court or equity side—an action is, reference must be had to the common law; the right of trial by jury as it existed at common law alone being preserved by the federal and state Constitutions.

A complaint to determine adverse claims and quiet title, and

demanding that defendant be required to set forth the nature of his claim, and that all adverse claims of defendant be determined by a decree, and that it be decreed that he had no estate, and that the title of plaintiff was good, and that defendant be enjoined from asserting any claim, and plaintiff have such other relief as was equitable, is wholly on the equity side of the court, so that a jury trial is not demandable as of right.

Allegations of the reply beyond what are requisite to reply to the counterclaim are unauthorized, and constitute a departure, and cannot aid or strengthen the complaint where alleging a new or different cause of action.

The fact that there was an understanding between grantor and grantee that grantor should sell and manage the property after the conveyance the same as he had before, and that at the time he was indebted to the extent of several hundred thousand dollars, had the effect to show that a secret trust existed between them, which necssarily had the effect of hindering and delaying creditors of grantor and this whether the conveyance was an absolute deed or a mortgage.

It does not lie in the power of the grantor, or one claiming under him by quitclaim, to say that a deed found by the court to be in fraud of creditors had any other or different effect than appears from its plain report.

The fact that grantor himself, after he had conveyed to a bank, executed, as president of the bank, an assignment of its property for the benefit of its creditors, and then stood by and saw the assignee asserting ownership over the land, and finally sell it to another for its approximate value, without himself ever making any claim thereto, or in any manner objecting, fully sustains a finding that he was guilty of laches, and that he and his grantee should be estopped to assert any title.

(Opinion filed, Jan. 26, 1910.)

Appeal from Circuit Court, Lake County. Hon. JOSEPH W. JONES, Judge.

Action by Melvin Grigsby against Oliver Larson. From a judgment for defendant, and an order denying a new trial, plaintiff appeals. Affirmed.

*Grigsby & Grigsby* and *Aikens & Judge,* for appellant. *Rice & Benson* and *Gardner, Fairbanks & Churchill,* for respondent.

McCOY, J. The plaintiff by his complaint alleged that since March 31, 1904, he has been and now is the owner in fee and entitled to the possession of the following described real estate situated in Lake county, S. D.: The N. W. ¼ sec. 12-108-51. That

defendant unjustly claims an estate or interest in, or lien or in-cumbrance upon, the same adverse to plaintiff. That the claim of the defendant is without any right whatever, and that the said defendant has not an estate or interest in or lien or incum-brace upon said real estate, or any part thereof. That the de-fendant is a proper party to this action under the provisions of chapter 194 of the Session Laws of 1903 of the state of South Dakota, and that this action is brought for the purpose of de-termining all adverse claims to such property, and of quieting title thereto in the plaintiff. That the plaintiff in his complaint demanded judgment as follows: That defendant be required to set forth the nature of his claim, estate or interest in, or lien or incumbrance upon, the said real property; and that all adverse claims of the defendant be determined by a decree of the court; and that by the said decree it be declared and adjudged that defendant has no estate or interest in or lien or incumbrance upon the said real property, or any part thereof; and that it be decreed and adjudged that the title of the plaintiff thereto is good and valid; and that the defendant, his successors, and assigns, and all per-sons claiming by, through, or under him, be forever enjoined and debarred from asserting any claim whatever in or to said land and premises, or any part thereof, adverse to plaintiff; and that the plaintiff have such other and further relief as may be just and equitable.

To this complaint the defendant made the following answer: The defendant denied each and every allegation of said complaint not thereafter specifically admitted. It is admitted that he claimed some right, title, interest, or estate in or some lien or incum-brance upon the premises described in plaintiff's complaint, and alleged the fact to be that he is the absolute owner in fee of said premises; and defendant alleged that he is the owner in fee of said premises, and is in possession thereof, and that his said own-ership is based upon mesne conveyances from the United States through Matilda Benjamine, W. M. Lee, sheriff, Frederick T. Day Martin F. Berther, treasurer, T. H. Radcliff, the Plankinton Bank of Milwaukee, William Plankinton, as assignee of said Plankinton Bank, Irvin Bean, and Henry Herman, the latter two

as trustees of said Plankinton Bank, all of which said convey-
ances now being of record in the office of the register of deeds
of Lake county.   And the defendant further alleged that the
premises described in plaintiff's complaint, during all the time
subsequent to the year 1891, were vacant and unoccupied, and that
defendant, his grantors, and predecessors, during all of said time,
and for a period of more than 10 successive years prior to the
commencement of this action, and while the premises were so
vacant and unoccupied, have paid all taxes legally assessed
thereon, and that during said time this defendant, his grantors,
and predecessors had color of title to said premises made in
good faith.   And the defendant further alleged that the said
plaintiff is estopped from having or claiming any title to or any
interest or estate in or to the said premises, and that on the 24th
of May, 1893, Frederick T. Day conveyed the same to the Plank-
inton Bank, a corporation organized under the laws of the state
of Wisconsin, and the said Frederick T. Day was at said time
the duly elected, qualified, and acting president thereof, which
deed of conveyance was duly filed for record; and that on the 1st
day of June, 1903, the said Plankinton Bank by the said Fred-
erick T. Day, the president thereof, conveyed by general deed of
assignment all its property and assets, including the land in ques-
tion, to William Plankinton as assignee for the benefit of creditors
of said bank; and that the said William Plankinton accepted said
trust, and he and his successors in trust have at all times treated
the land and premises herein described as the property and assets
for the said bank; and the said Frederick T. Day at all times
well knew that the said William Plankinton, trustee, and his
successors in trust accepted said trust, and treated said property
as the property and assets of said bank, and were offering said
property for sale, and never made any objections to the sale of
said property by the said trustee, but consented thereto, and each
of said deeds of assignment was filed for record in the office
of the register of deeds of Lake county on the 13th day of Sep-
tember, 1900; and that on the 6th day of August, 1900, the de-
fendant purchased said land and premises from Henry Herman,
the successor in trust of the said William Plankinton, assignee,

of said Plankinton Bank, and paid therefor the valuable consideration of $1,700; and that said Henry Herman, as assignee of said Plankinton Bank, by a proper deed of conveyance, conveyed said premises to defendant, and that defendant purchased said property in good faith, without any knowledge or notice of any kind whatever that any other persons made any claim thereto, or to any right, title, interest, or estate therein. And the defendant by his answer further alleged that the said conveyances from the said Frederick T. Day to the said Plankinton Bank were made for the purpose of hindering, delaying, and defrauding the creditors of the said Frederick T. Day; and that whatever title, interest, or estate the plaintiff has in or to said premises he derived from the quitclaim deed made, executed, and delivered by the said Day to the plaintiff dated January 3, 1903, and that said plaintiff at the time of the execution of said quitclaim deed well knew that the said Day, on the 24th day of May, 1893, conveyed said property to the Plankinton Bank for the purpose of hindering, delaying, and defrauding his creditors, and well knew that the Plankinton Bank, by the said Frederick T. Day, president thereof, made and executed and delivered the said deed of assignment conveying all property and assets of said bank, including the property herein described, to the said William Plankinton as assignee of the creditors of said bank, and well knew that the said assignee and his successors in trust accepted said trust and treated said property as the property of said bank, and offered said property for sale, and that this defendant purchased said property in good faith and for a valuable consideration, without any knowledge or notice, of any kind whatever, that any persons claiming any right, title, interest, or estate in or to said property adverse to the title of the said Plankinton Bank and its assigns and trustees. And the defendant by his answer further alleged, by way of counterclaim, that he is the owner in fee and in possession of said premises; that the plaintiff claims some right, title, interest, or estate in or some lien or incumbrance upon said premises adverse to the defendant, that the claim of said plaintiff is without any right or foundation whatever, and that the said plaintiff has no right, title, interest, or estate in, or

any lien or incumbrance on, said premises, or any part thereof, and that the plaintiff be required to produce and bring forward any and all claims which he has upon and to the said premises, and that the same may by a decree of this court be declared invalid and of no effect, and that the said plaintiff be perpetually restrained and enjoined from setting up or making any claim to said premises, and that all of said claims be quieted, and that this defendant be declared and adjudged the absolute owner in fee and of right in the possession of said premises against any claim of said plaintiff, and that defendant have such other and further relief as to the court may seem just and equitable.

To which answer of the defendant the plaintiff made the following reply: The plaintiff denied each and every allegation of said answer and counterclaim not thereafter specifically admitted. Plaintiff denied that the defendant is the owner in fee of the premises, or that he has any valid right, title, or interest therein, and plaintiff admits that there are certain purported conveyances of record in Lake county under and by virtue of which deeds the defendant claims some right or title in and to said premises, as alleged in defendant's answer, and denies that the defendant has any title whatever to said premises by virtue of said purported conveyances, and alleges that whatever possession defendant has of the said premises is and has been wrongful and without the consent of plaintiff; and plaintiff denies that the defendant, his grantors, or predecessors have, under color of title or otherwise, paid all taxes legally assessed against said premises for more than 10 years prior to the commencement of this action as alleged in said answer; and defendant admits that on the 24th day of May, 1893, Frederick T. Day was the owner of the land in question, and denies that he conveyed said premises to the Plankinton Bank at that or any other time; further admits that about the 1st of June, 1893, the Plankinton Bank attempted to make an assignment for the benefit of the creditors, and that defendant claims title through a conveyance from the purported assignee of said bank, but alleges that said assignee never had any title or right to said premises, and that defendant had notice thereof; that defendant for more than six

years has been in wrongful possession of said premises to plain-
tiff's damage in the sum of $1,000. By his reply plaintiff de-
manded possession of said premises, and damages for the with-
holding thereof. Findings and judgment were in favor of
defendant, and plaintiff appeals, assigning many errors and in-
sufficiency of the evidence to sustain the findings of the trial court.

It is first contended by appellant that this is an action on the
law side of the court as distinguished from an equity or chancery
action. But we are of the opinion that the same was properly
triable on the equity side of the court. In plaintiff's complaint he
says that this action is brought for the purpose of determining
adverse claims to the property, and of quieting title in plaintiff.
Plaintiff demands judgment that defendant be required to set
forth the nature of his claim, estate, or interest or title, and that
all adverse claims of defendant be determined by a decree, and
that by such decree it be declared that defendant has no estate
or interest in said real property, and that it be decreed that the
title of plaintiff thereto is good and valid, and that defendant,
and all persons claiming under him, be forever enjoined and
debarred from asserting any claim to said land, and that plaintiff
have such other and further relief as may be just and equitable.
In determining on which side of the court—the jury or law side,
or the court or equity side—any given case is, we must go back
to the common law for our basis. The provisions of the federal
and state Constitutions that the right to trial by jury shall remain
inviolable, has been construed to mean that the right to common-
law trial by jury shall remain inviolate. Therefore we must go
back to the common-law distinction as to what causes were
triable by jury as a matter of right, and what were triable
before the court without a jury. In the trial of all those cases
which came on the law side of the court the parties were entitled
to trial by jury as a matter of right, while all those cases which
came on the chancery or equity side of the court were triable
by the court without a jury. At common law the law side of
the court never had any such power or jurisdiction as is sought
to be invoked by plaintiff in his complaint in the case at bar.
The allegations and the relief demanded are wholly and purely

on the equity side of the court. The allegations of the reply beyond what are requisite to constitute reply to the counterclaim contained in the answer were unauthorized by law, and are superfluous, and constitute what is known in pleading as a departure, and can in no manner aid or strengthen the allegations of the complaint, where it goes to the extent of alleging a new or different cause of action. 6 Ency. Pl. & Pr. 460.

The trial court, among others, made the following finding: "That the said conveyance of land involved in this action from said Frederick T. Day to said Plankinton Bank was made for the purpose of hindering, delaying, and defrauding the creditors of said Frederick T. Day." Appellant excepted to such finding, and now assigns the same as error, and contends that such finding is not sustained by the evidence. We are of the opinion that the evidence was sufficient to sustain this finding. Frederick T. Day testified that he had an understanding with the bank that he should sell and manage the property after the conveyance the same as he had before, and that at that time he was indebted to the extent of several hundred thousand dollars. We are of the opinion that this evidence had the effect to show that a secret trust existed between Day and the bank, and which necessarily had the effect of hindering and delaying the creditors of Day in the collection of their debts, and this would be true whether the instrument by which Day conveyed to the bank was an absolute deed or a mortgage. Walklin v. Horswill, 123 N. W. 668.

The trial court also made the following finding: "That at the time said Day made and delivered to plaintiff herein the quitclaim deed to said lands he owned no right, title, interest, or estate in the said real property described in the complaint." To this finding the plaintiff excepted, and contends that the same is not sustained by the evidence. The said deed from Day to the bank on May 24, 1893, was absolute in form, and transferred to the bank the whole of the title and interest of Day. On the face and by the purport of said deed Day was fully divested of all title and interest in and to the land in question. The court having found that the said deed was given to hinder and delay the

creditors of Day—in other words, that it was a fraud upon his creditors—it does not now lie in the power of Day, or any one claiming under him under a quitclaim deed, to say that said deed had any other or different effect than appears from its plain purport. Jones v. Jones, 20 S. D. 632, 108 N. W. 23.

The trial court also made the following finding: "That the said Frederick T. Day, after conveying said land to the Plankinton Bank, of which said Day, at the time of the said conveyance was the president, stood by for nearly 11 years, and until the execution of said quitclaim deed to plaintiff herein, without asserting any claim or title to the land in controversy, and permitted the assignee for the benefit of the creditors of said bank to continue to assert ownership and control of it, and to sell it under the direction and order of the circuit court of Milwaukee county, state of Wisconsin, to defendant for value, to wit, for the sum of $1,700 paid by defendant to said assignee for the benefit of the creditors of the said Plankinton Bank, wherefore said Day is guilty of laches, and he and the plaintiff, his grantee, should be estopped from asserting any title to or interest in said land as against the defendant." To this finding the plaintiff excepted and now contends that the evidence was insufficient to sustain the same. We are of the opinion that the evidence fully sustains the finding. The fact that Day himself, as president of the Plankinton Bank, made and executed the assignment to the assignee for the benefit of the creditors of the bank, and stood by and saw the assignee to whom he made the assignment of this property asserting ownership over this land as such assignee, and finally selling it to defendant for the approximate full value thereof, without himself ever making any claim thereto, or in any manner objecting to such sale, fully sustains the finding.

After having examined each and every assignment of error made by appellant, and finding no reversible error in the record, the judgment and order denying a new trial are affirmed.