ENGLUND, et al, Respondents, v. BERG, Appellant.

(17 N. W.2d 638.)

(File No. 8696. Opinion filed February 16, 1945.)

**E. J. Turner** and **Frank R. McKenna,** both of Sisseton, for Appellant.

**Robert D. Jones,** of Milbank, for Respondents.

SICKEL, J.   This is an action to determine the ownership of real property. Magnus J. Englund owned the northwest quarter of section 13, township 118, range 49, Grant county, free from incumbrances. On October 3, 1931, he conveyed it to Huldah H. Englund, his daughter, by warranty deed.   The grantor died November 3, 1933, and thereafter his widow was appointed executrix of his will.   The widow died August 18, 1939, without closing the estate, and thereafter plaintiffs were appointed administrators with the will annexed of grantor's estate.   They brought this action as such administrators to set aside the deed and to quiet the title to the property in the heirs and devisees of the grantor.

The circuit court decided that the deed executed by grantor placed the title to the property in the grantee to be held in trust for grantor, and his wife and children.   The circuit court entered a decree providing that the heirs and devisees of the grantor are the owners of the property conveyed to the defendant by her father, and that defendant has no right, title, interest, or claim to the property, except as such heir and devisee.   From this decision the defendant has appealed.

The appellant contends that the conveyance to her, made by warranty deed containing no condition or reservation, conveyed the title to her in fee.   She also claims that the testimony of respondents upon which they rely for support of the decision, if true, shows that the grantor conveyed the land to the defendant as grantee for the purpose of hindering, delaying and defrauding the creditors of grantor, and that neither the grantor nor his heirs, claiming under him, are entitled to relief in a court of equity.

The basis of plaintiffs' cause of action, as stated in the complaint, is that "At the time the conveyance of said prem ises was executed and was delivered to defendant, she (defendant) agreed to accept the same and to hold the title to said premises for said Magnus J. Englund and for his heirs, legatees and devisees."

Plaintiffs relied principally upon the testimony of Conrad Johnson to support this allegation of the complaint. He testified in substance that he had one or. more conversations with the grantor prior to the execution and delivery of the deed, in which the grantor stated that he owned another quarter section of land on which Grant county held a mortgage for $3500; that he was afraid the county would foreclose that mortgage because of his inability to pay taxes on the land and interest on the mortgage, and that the county might in that way obtain a deficiency judgment against him which would become a lien on the tract described above, and which was clear of incumbrance; that he, the grantor, wanted to protect this quarter section from a possible deficiency judgment following the foreclosure of the mortgage held by the county on the other land, because if that happened it would deprive the children of their inheritance. The witness further testified that the grantor stated that he wondered if there was any way whereby it could be arranged that this particular tract could be kept intact; that it was the grantor's intention that the daughter was to have this quarter protected for him, his wife and the children. The witness testified that he advised the grantor to give a deed, either to the children or to one of them, and told him that he could give this deed to the daughter, Huldah, to be held in trust for the benefit of the heirs and the children of the grantor. The witness further testified that the grantor asked him to draw the deed with that understanding. The witness says further that he drew the deed; that he took Mr. Swenson, a notary, with him to grantor's house to have it executed; that there in the presence of grantor, his wife, Huldah, and Mr. Swenson, he, the witness, explained that the deed gave title to Huldah and was in the form of a trust deed. The witness further testified that he did not remember that grantor made any particular statement to Huldah during the time the deed was delivered;

that grantor did not say anything to her about what he was doing, but the witness says "She heard what I said."

■ It is the general rule that, when a conveyance is made solely to prevent a creditor of the grantor from collecting the amount of a judgment that might be recovered against him, a court of equity will not grant relief from such fraudulent conduct, on behalf of either the grantor, or his heirs or assigns. Jones v. Jones, 20 S. D. 632, 108 N. W. 23; Grigsby v. Larson, 24 S. D. 628, 124 N. W. 856; Kjolseth v. Kjolseth, 27 S. D. 80, 129 N. W. 752; Bucknell v. Johnson, 39 S. D. 212, 163, N. W. 683.

The case of Jones v. Jones, supra, was an action brought by the son and daughter of Wilson to set aside a deed given by Wilson to his brother, at a time when the grantor was heavily indebted, and was threatened with an action for damages. The court said, [20 S. D. 632, 108 N. W. 25]: "Were it to be assumed that the conveyances were made solely to prevent the Titus woman from collecting the amount of any judgment that might be recovered in her favor against Wilson in the action then pending, he would not be entitled to relief from such fraudulent conduct, nor would a court of equity interfere on behalf of his heirs who, claiming under him, could take what he had but nothing more."

In the case of Grigsby v. Larson, supra, a man named Day executed and delivered to a bank a deed absolute in form. At that time Day was indebted to others to the extent of several hundred thousand dollars. Day had an understanding with the bank that Day should sell and continue to manage the property as before. Later, Day gave a quitclaim deed to the plaintiff who brought an action to set aside the deed to the bank. The court held that the evidence showed a secret trust between Day and the bank, which hindered and delayed the creditors of Day. The opinion states [24 S. D. 628, 124 N. W. 859]: "On the face and by the purport of said deed Day was fully divested of all title and interest in and to the land in question. The court having found that the said deed was given to hinder and delay the creditors of Day—in other words that it was a fraud upon his creditors—it does not now lie in the power of Day, or any one claiming under him under a quitclaim deed, to say that

said deed had any other or different effect than appears from its plain purport."

In the case of Kjolseth v. Kjolseth, supra, a conveyance was made by father to son and back to the mother, to place land beyond the reach of judgment creditors of the father, and to procure a loan upon the land. It was claimed that the son held the title in trust for the father. The court said [27 S. D. 80, 129 N. W. 754] "Whether the controlling motive in these transactions was to defraud creditors of the plaintiff's husband, or to place the title, by what was supposed to be the necessary legal steps, in the plaintiff, it would seem to be quite certain that he retained no interest, either in a court of law or equity, should he seek to reinvest himself with the title, for the reason that he had parted with it for either of these purposes."

■ The evidence shows that grantor was indebted to the county for $3500 secured by mortgage on other land; that the interest on that mortgage, and the taxes on the mortgaged land, were delinquent; that grantor was afraid the county would foreclose its mortgage, take a deficiency judgment against him for a part of the mortgage debt, and enforce the payment of such deficiency by an execution sale of the quarter section involved in this action. The grantor had no other property except a residence in La Bolt. The conveyance involved in this action was made by the grantor to prevent the county from collecting any such deficiency judgment and it was therefore fraudulent, whether the conveyance was made for the benefit of grantor, his wife, or his heirs. Consequently, the deed to appellant conveyed to her all right, title, and interest of the grantor in the property described therein, and the heirs of the grantor acquired no interest in the property by will or inheritance.

Judgment reversed.

All the Judges concur.