#25236-rev & rem-DG

**2010 SD 67**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

\* \* \* \*

WILLIAM MUNDHENKE,                          Plaintiff and Appellee,

v.

STEVEN HOLM,                                Defendant and Appellant.

\* \* \* \*

APPEAL FROM THE CIRCUIT COURT OF
THE FIFTH JUDICIAL CIRCUIT
BROWN COUNTY, SOUTH DAKOTA

\* \* \* \*

HONORABLE TONY L. PORTRA
Judge

\* \* \* \*

GREG L. PETERSON of
Bantz, Gosch & Cremer, LLC
Aberdeen, South Dakota                      Attorneys for plaintiff
                                            and appellee.


RICHARD L. RUSSMAN of
Richardson, Wyly, Wise,
  Sauck & Hieb, LLP
Aberdeen, South Dakota                      Attorneys for defendant
                                            and appellant.

\* \* \* \*

ARGUED JANUARY 13, 2010

OPINION FILED **08/11/10**

#25236

GILBERTSON, Chief Justice

[¶1.]     William Mundhenke (Mundhenke) filed a complaint seeking an accounting, dissociation, and dissolution of a business he claimed was operated as a partnership with Steve Holm (Holm). Holm denied the existence of a partnership and argued that Mundhenke's complaint was a request for legal relief for which a right to a jury trial existed, rather than a request for equitable relief for which there is no right to a jury trial. The circuit court denied Holm's request for a jury trial on the issue of whether a partnership existed. Holm appeals. We reverse and remand.

**FACTS**

[¶2.]     In the late 1980s, Mundhenke enlisted Holm and Terry Boyle (Boyle) to start a garbage hauling business in Aberdeen, South Dakota, to compete with Dependable Sanitation, an established local business. The three men operated the business without a written agreement or a definite term. Each performed an equal share of the work soliciting and servicing accounts and driving the garbage truck routes.

[¶3.]     Mundhenke would later testify that despite each of the three men having a one-third share in the business, at his suggestion they decided to put the business in Holm's name. The business was represented as a sole proprietorship in Holm's name for the procurement of licenses, permits, and insurance. In addition, Holm filed his tax returns claiming the income, expenses, and depreciation generated from A-1's business activities as a sole proprietor. Boyle subsequently withdrew from the business after six months.

[¶4.] After Mundhenke stepped away from day-to-day operations in 1990, Holm referred to Mundhenke as his "silent partner" or partner several times over the next few years. Mundhenke and Holm both represented that their informal arrangement involved Holm handling the day-to-day operations and Mundhenke as the "behind the scenes guy."

[¶5.] In 2000 and 2002, Dependable Sanitation offered to purchase A-1. Mike Erickson, the owner of Dependable Sanitation, spoke with both Mundhenke and Holm about purchasing A-1. During the 2002 negotiations, Erickson met several times with Mundhenke and Holm both separately and together. During the negotiations and discussions, Holm did not indicate a desire to dissociate from the business or claim that Mundhenke no longer had a partnership stake in A-1.

[¶6.] In 2005, Mundhenke scheduled a meeting with Holm and an attorney to discuss incorporating A-1. At that meeting, Holm for the first time indicated his desire to dissociate from the business. Holm and Mundhenke could not agree in subsequent discussions on a division of assets and routes.

[¶7.] Mundhenke eventually filed a three-count complaint demanding an accounting (Count 1) and a dissociation, dissolution, and other equitable remedies under SDCL ch. 48-7A (Count 2). In his answer, Holm denied the existence of a partnership and demanded a jury trial on the matter. Mundhenke moved for summary judgment on the issue of whether a partnership existed and resisted Holm's demand for a jury trial. Holm opposed the motion and argued a right to a jury trial existed on the factual issue of whether the partnership had been formed. In the alternative, Holm argued that Mundhenke sought a declaration that the

partnership existed and that the right to a jury trial existed for such declaratory judgment actions.

[¶8.]       On July 10, 2008, the circuit court denied Mundhenke's motion for summary judgment. It then entered its ruling on Holm's demand for a jury trial on the issue of whether the partnership existed. The circuit court concluded that an equitable claim was before it despite the need to determine the factual issue of whether a partnership existed. Citing *Meyer v. Lofgren*, 949 SW2d 80 (MoCtApp 1997), for the proposition that the determination of the existence of a partnership in a suit for an accounting is "part and parcel of the equitable proceeding," the circuit court concluded no right to a jury trial existed and denied Holm's demand for a jury trial.

[¶9.]       On August 20 and 21, 2008, a bench trial was held on the matter. The circuit court entered its findings of fact and conclusions of law in which it determined a partnership existed between Mundhenke and Holm from the time the two men and Boyle started the business in the late 1980s up until 2005 when Holm for the first time expressed a desire to dissolve the business in the meeting with Mundhenke and the attorney. The circuit court further concluded Mundhenke was entitled to a full accounting of the income and expenditures, assets and liabilities, contributions of the partners, accrual and disposition of partnership property, and a settlement of partnership accounts.

[¶10.]      Holm appeals raising the following two issues:

1. Whether the circuit court erred when it denied Holm's demand for a jury trial.

2. Whether the circuit court erred when it concluded Mundhenke and Holm formed a partnership and that no de facto dissolution occurred before the 2005 meeting.

## STANDARD OF REVIEW

[¶11.] A circuit court has broad discretion in an equitable action to determine whether to grant or deny a jury trial. Fox v. Burden, 1999 SD 154, ¶32, 603 NW2d 916, 924. We will not disturb the circuit court's decision absent an abuse of discretion. *Id.*

## ANALYSIS AND DECISION

[¶12.] **1. Whether the circuit court erred when it denied Holm's demand for a jury trial.**

[¶13.] Holm argues he had the right to a jury trial under Article VI, Section 6 of the South Dakota Constitution and SDCL 15-6-38(a) and (b) because the circuit court could not grant Mundhenke's request for equitable relief until after the determination of the seminal factual issue of whether a partnership existed. Holm further argues the factual issue of whether a partnership existed was a request for the determination of a legal issue, and therefore, a request for legal relief and not equitable relief as found by the circuit court. Holm also argues that Mundhenke's claim sounded at law and not equity because the South Dakota Legislature enacted a statutory scheme, SDCL 48-1-5 to -8 (since repealed), with rules or elements for determining the factual issue of whether a partnership existed. Mundhenke argues the issue of whether a partnership existed was incidental to the equitable relief he sought through an action for an accounting, dissociation, and dissolution. Mundhenke further argues that because his complaint requested an equitable

remedy and not a legal remedy, it sounded only in equity for which a jury trial is a matter of judicial discretion.

[¶14.] Article VI, Section 6 of the South Dakota Constitution guarantees a right to a jury trial in all cases at law. SD Const. art. VI, § 6. "'The right, however, does not exist for all civil cases.'" First Nat. Bank of Philip v. Temple, 2002 SD 36, ¶10, 642 NW2d 197, 201 (quoting First W. Bank, Sturgis v. Livestock Yards, 466 NW2d 853, 856 (SD 1991)). "'In cases where the pleadings seek equitable relief . . ., a jury trial is a matter for the trial court's discretion. Conversely, when the action is at law, either party has a right to a jury trial.'" Id. The determination of whether an action sounds in law or in equity is based on "the pleadings including the complaint, answer, cross-complaint and prayer for relief." First W. Bank, 466 NW2d at 856 (quoting Nizielski v. Tvinnereim, 453 NW2d 831, 832-33 (SD 1990)).

[¶15.] A jury trial is permitted between partners when the complaint on its face prays for an accounting, but the factual pleadings show a legal claim for fraud and misappropriation and requests money damages instead of an accounting and dissociation. Baum v. Stephenson, 113 SW 225, 229 (MoCtApp 1908). Actions at law between partners are also permitted when the "bookkeeping process whereby debits and credits are balanced or a balance of mutual accounts is struck," is not necessary, such as when the damages from a single contract are easily ascertainable and the relief requested is an amount certain. Thompson v. Coughlin, 997 P2d 191, 195 (Or 2000) (quoting Carey v. Hayes, 409 P2d 899, 902 (Or 1966)). However, the general rule is that one partner cannot maintain an action at law against another partner to recover an amount claimed by the first partner by reason of partnership

transactions until there has been a final settlement of the affairs of the partnership through a claim to a court of equity for an accounting and dissolution. Munce v. Munce, 77 SD 594, 96 NW2d 661, 663-64 (1959). But, "[t]he partnership relation is the basis of the . . . cause of action for an accounting." *Id*. at 664.

[¶16.] However, when a case presents both a request for equitable relief and legal relief, the proper course of action is for the trial court to bifurcate the issues and try the equitable claims to the court and the legal claims to a jury. Brookside Townhouse Ass'n. v. Clarin, 2004 SD 79, ¶15, 682 NW2d 762, 768 (quoting Durkee v. Van Well, 2002 SD 150, ¶11, 654 NW2d 807, 812). Under our previous rule known as the incidental rule, when the disposition of the equitable claims resolved any legal claims presented as a matter of law, the "dismissal of the legal claims [did] not violate the right to a jury trial." *Id*. ¶16. However, that rule was abrogated in *First Western Bank,* 466 NW2d at 856, which adopted the United States Supreme Court's rejection of the incidental claim rule in *Dairy Queen, Inc. v. Wood*, 369 US 469, 82 SCt 894, 8 LEd2d 44 (1962).

[¶17.] Despite overruling the incidental claim rule in *First Western Bank*, we applied it in *Brookside Townhouse Ass'n,* 2004 SD 79, 682 NW2d 762, and *Durkee v. Van Well,* 2002 SD 150, 654 NW2d 807. We did so because the parties in those cases limited their arguments to that rule and did not argue entitlement to a jury trial under the holdings of *Beacon Theatres, Inc. v. Westover,* 359 US 500, 79 SCt 948, 3 LEd2d 988 (1959); *Dairy Queen, Inc.*, 369 US 469, 82 SCt 894, 8 LEd2d 44; and *First Western Bank,* 466 NW2d at 856. In this case, Holm relies on *Dairy Queen.* We take this opportunity to reiterate that the incidental claim rule has been

abrogated in South Dakota to the extent it is inconsistent with *Beacon Theatres* and *Dairy Queen*. *See First Western Bank,* 466 NW2d at 856. Therefore, although *Brookside* and *Durkee* applied the law requested by the parties in those cases, those decisions do not reflect the applicable rule governing the right to jury trials under Article VI, Section 6, of the South Dakota Constitution.

[¶18.] Holm's answer specifically denied that a partnership existed. With that denial, Holm asked for a determination of legal rights, i.e., whether a valid partnership existed under SDCL 48-1-2 (now repealed). The determination of that legal right implicated an action at law.* Because it is an action at law and we have abandoned the incidental claim rule, the South Dakota Constitution and SDCL 15-6-38(b) gave Holm the right to demand a jury trial, which he did in his answer to Mundhenke's complaint. Thus, the trial court erred when it denied Holm a jury trial on the issue of whether a partnership existed.

[¶19.]     **2.     Whether the circuit court erred when it concluded Mundhenke and Holm formed a partnership and that no de facto dissolution occurred before the 2005 meeting.**

[¶20.] Because of our holding on Issue 1, we vacate the trial court's ruling on Issue 2 and remand for a jury trial on these issues.

[¶21.] Reversed and remanded for further proceedings consistent with this opinion.

[¶22.] KONENKAMP, ZINTER, MEIERHENRY, and SEVERSON, Justices, concur.

---

\*     Neither party argues otherwise in this appeal. Therefore, we apply the law argued by the parties and express no opinion on the merits of this issue.