#26842-rev & rem-SLZ
**2014 S.D. 78**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

\* \* \* \*

GRANITE BUICK GMC, INC.,
f/k/a MCKIE BUICK GMC, INC.,          Plaintiff and Appellant,

     v.

ADAM RAY and GATEWAY
AUTOPLEX, LLC,          Defendants and Appellees.


MCKIE FORD LINCOLN, INC.,          Plaintiff and Appellant,

     v.

SCOTT HANNA and GATEWAY
AUTOPLEX, LLC,          Defendants and Appellees.

\* \* \* \*

APPEAL FROM THE CIRCUIT COURT OF
THE SEVENTH JUDICIAL CIRCUIT
PENNINGTON COUNTY, SOUTH DAKOTA

\* \* \* \*

THE HONORABLE JANINE M. KERN
Judge

\* \* \* \*

JOHN K. NOONEY
ROBERT J. GALBRAITH of
Nooney, Solay & Van Norman, LLP
Rapid City, South Dakota          Attorneys for plaintiffs
                         and appellants.


ROGER A. TELLINGHUISEN
MICHAEL V. WHEELER of
DeMersseman, Jensen, Tellinghuisen,
  Stanton & Huffman, LLP
Rapid City, South Dakota          Attorneys for defendants
                         and appellees.

\* \* \* \*

                         ARGUED OCTOBER 6, 2014
                         OPINION FILED **11/05/14**

#26842

ZINTER, Justice

[¶1.]        Adam Ray worked for Granite Buick GMC (Granite Buick), and Scott

Hanna worked for McKie Ford Lincoln (McKie Ford).  Ray and Hanna signed

noncompete agreements during the course of their employments.  When the two

started their own automobile dealership, Granite Buick and McKie Ford moved for

injunctions to enforce the agreements.  The cases were consolidated, and the circuit

court bifurcated the proceedings.  The court impaneled a jury to determine Ray's

and Hanna's affirmative defenses, and it ruled that it would determine the right to

injunctive relief after the jury trial.  The jury found for Ray and Hanna on several of

their defenses.  In accordance with the jury verdict, the circuit court denied

injunctive relief.  Granite Buick and McKie Ford appeal.  We conclude that the

circuit court erred in utilizing a binding jury to determine equitable defenses

without the consent of the parties.  We reverse and remand for the circuit court's

entry of findings of fact and conclusions of law on all claims and defenses.

### Facts and Procedural History

[¶2.]        Granite Buick hired Adam Ray, and McKie Ford hired Scott Hanna as

automobile salesmen.[1]  Both Ray and Hanna signed materially identical

noncompete agreements during the course of their employments.  Ray and Hanna

later terminated their respective employments to start Gateway Autoplex, a used

car dealership.  Ray asserted that his noncompete agreement was unenforceable

---

1.      Granite Buick and McKie Ford were originally part of the "McKie Automotive
        Group" and were formerly operated under different names and different
        ownership.  Consequently, some of the facts referenced in this opinion
        occurred with Granite Buick's and McKie Ford's predecessors.

because of statements Granite Buick representatives made to get him to sign the agreement.[2]  Ray pleaded the defenses of fraud in the inducement, equitable estoppel, promissory estoppel, and waiver.  Hanna asserted that his agreement was unenforceable because of representations the owner of McKie Ford made after Hanna informed the owner that Hanna was leaving.[3]  Hanna pleaded the defenses of waiver, promissory estoppel, and equitable estoppel.

[¶3.]        Granite Buick and McKie Ford subsequently sued Ray, Hanna, and Gateway Autoplex, seeking preliminary and permanent injunctions.  At an evidentiary hearing on the requests for preliminary injunctions, Granite Buick and McKie Ford introduced evidence rebutting Ray's and Hanna's defenses.  The circuit

---

2.    During a company sales meeting, one employee asked if the agreement would be used to prevent employees from moving to better positions.  Troy Claymore, the general sales manager, was leading the discussion about the agreement.  Ray testified:

> Troy Claymore said, if you make a lateral move, I'm going to enforce [the agreement].  I want to stop it.  If you make a lateral move from here to say Chevy.  But if you ever get the chance to better yourself, your family, and I wouldn't hold you to it is what he said.

Ray also talked with others, including his supervisor, Darin Rittenour, about the agreement.  Rittenour told Ray, "You don't have to worry about Troy [Claymore], he is a man of his word."  Ray testified he relied "a hundred percent" on what Claymore had told him at the meeting and what Rittenour told him about Claymore.  Ray eventually signed the agreement.

3.    During the conversation, Hanna told Mark McKie about Hanna's plans to open the new business with Ray.  Hanna then asked Mark McKie two questions about leaving.  Hanna asked if Mark McKie was "gonna come after [Hanna] in any way whatsoever" and if "this is in no way going to affect our relationship or our families' relationship[?]"  Mark McKie replied, "Shit, no, Scotty, that will never be the case."  Hanna testified that he relied upon Mark McKie's statements in leaving to start the new business.

court granted a preliminary injunction against Hanna but denied a preliminary injunction against Ray. The court explained that it found Ray established a viable defense against Granite Buick, but McKie Ford was likely to succeed against Hanna on the merits. The court ruled that it would decide the requests for permanent injunctions after a jury determined Ray's and Hanna's defenses.

[¶4.] The jury found in favor of Ray on the defenses of fraud in the inducement, promissory estoppel, equitable estoppel, and waiver. The jury found in favor of Hanna on the defenses of promissory estoppel and waiver. In accordance with the jury's findings, the court denied both Granite Buick's and McKie Ford's requests for injunctions.

[¶5.] McKie Ford and Granite Buick appeal. They contend that the circuit court erred in allowing a jury trial on Ray's and Hanna's affirmative defenses. They also contend that the court erred in denying Granite Buick's and McKie Ford's motions for judgment as a matter of law on Ray's and Hanna's defenses. They finally contend that the court erred in awarding Ray and Hanna disbursements.

**Decision**

[¶6.] Granite Buick and McKie Ford point out that they only sought equitable relief; i.e. to enjoin Ray and Hanna from engaging in a competing business. They also point out that Ray and Hanna only sought equitable relief; i.e. nonenforcement of the agreements. Granite Buick and McKie Ford argue that because the only relief sought was equitable, and because they did not consent to a binding jury trial, the circuit court improperly allowed a jury to determine this case by deciding equitable defenses. Ray and Hanna respond that they had a right to a

trial by jury because their defenses involved fraud. They contend that fraud implicates an action at law because fraud in contractual relations is prohibited by a statute. *See* SDCL 53-4-5. They also contend that they had a right to a jury trial on their defenses because the defenses involved disputed issues of fact. The parties' contentions require us to discuss: the right to a jury trial in actions at law and actions in equity; whether the claims in this case sounded in law or equity; whether a binding or advisory jury trial is permitted in equitable actions; the procedure for trial with advisory juries; and whether our scope of review on appeal from an advisory jury permits us to review the appellants' challenges to the jury's findings.

[¶7.]        "Article VI, Section 6 of the South Dakota Constitution guarantees a right to a jury trial in all cases at law." *Mundhenke v. Holm*, 2010 S.D. 67, ¶ 14, 787 N.W.2d 302, 305-06. Thus, this "right . . . does not exist for all civil cases." *Id.* ¶ 14, 787 N.W.2d at 306 (quoting *First Nat'l Bank of Philip v. Temple*, 2002 S.D. 36, ¶ 10, 642 N.W.2d 197, 201). If the pleadings request equitable relief, "a jury trial is a matter for the trial court's discretion." *Id.* (quoting *First Nat'l Bank of Philip*, 2002 S.D. 36, ¶ 10, 642 N.W.2d at 201). But unless the parties agree to a binding jury in an equitable action, the jury verdict is advisory. "In all actions not triable of right by a jury the court upon motion or of its own initiative may try any issue *with an advisory jury*, or the court, with the consent of both parties, may order a trial with a jury whose verdict has the same effect as if trial by jury had been a matter of right." SDCL 15-6-39(c) (emphasis added). *See also First W. Bank, Sturgis v. Livestock Yards Co.,* 466 N.W.2d 853, 856 (S.D. 1991) ("If the relief sought is equitable, the decision of whether to empanel an *advisory jury* is wholly within the

trial court's discretion." (emphasis added) (citing *Nizielski v. Tvinnereim*, 453 N.W.2d 831, 833-34 (S.D. 1990))); *Nizielski*, 453 N.W.2d at 834 ("[O]n equitable issues a jury's verdict is advisory only[.]").

[¶8.] In this case, the circuit court treated the jury's verdict as binding. However, the parties did not agree to submit the matter to a binding jury as required by SDCL 15-6-39(c). On the contrary, Granite Buick and McKie Ford objected to a jury trial, arguing that all issues were equitable. Therefore, we must determine whether the defenses were "cases at law" triable to a jury as a matter of "right" within the meaning of Article VI, § 6 of the South Dakota Constitution, or whether they were claims sounding in equity.

[¶9.] We look "to the common law" to determine whether a claim is an action at law triable to a jury as a matter of right or whether it is an equitable action for trial to the court. *Grigsby v. Larson*, 24 S.D. 628, 124 N.W. 856, 858 (1910).[4] The question is whether the "subject" of the action "is the type of case in which [the movant] would have been entitled to a jury trial in the common-law courts of [territorial South Dakota]." *State v. One 1969 Blue Pontiac Firebird*, 2007 S.D. 63,

---

4. "When analyzing the right to trial by jury, the term 'common law' refers to those principles of English law that evolved in the common-law courts such as the Court of the Exchequer, as opposed to those applied in the Admiralty, Chancery, or Ecclesiastical Courts." *State v. One 1969 Blue Pontiac Firebird*, 2007 S.D. 63, ¶ 18, 737 N.W.2d 271, 276 (quoting *State v. One 1990 Honda Accord*, 712 A.2d. 1148, 1150 (N.J. 1998)). We examine the common law as it existed at the time South Dakota's Constitution was adopted. SDCL 15-6-38(a) provides that "[t]he right of trial by jury . . . shall be preserved to the parties inviolate." "The effect of this provision was merely to continue unimpaired and inviolate the right as it existed in the territory when the Constitution was adopted." *In re McClellan's Estate*, 20 S.D. 498, 107 N.W. 681, 684 (1906) *modified on reh'g*, 21 S.D. 209, 111 N.W. 540 (1907).

¶ 18, 737 N.W.2d 271, 276 (quoting *State v. One 1990 Honda Accord*, 712 A.2d. 1148, 1150-51 (N.J. 1998)).

[¶10.]     In this case, all claims and defenses were equitable. *See Metro. Life Ins. Co. v. Jensen*, 69 S.D. 225, 230, 9 N.W.2d 140, 142 (1943) ("Injunction is distinctly an equitable remedy."); *Deckert v. Independence Shares Corp.*, 311 U.S. 282, 289, 61 S. Ct. 229, 233, 85 L. Ed. 189 (1940) ("That a suit to rescind a contract induced by fraud . . . may be maintained in equity . . . is well established.");[5] *Vander Heide v. Boke Ranch, Inc.*, 2007 S.D. 69, ¶ 27, 736 N.W.2d 824, 833 (promissory estoppel); *Nist v. Nist*, 2006 S.D. 67, ¶ 5, 720 N.W.2d 87, 89 (waiver); *Bonde v. Boland*, 2001 S.D. 98, ¶ 24, 631 N.W.2d 924, 928 (estoppel). *See generally* Dan B. Dobbs, *Handbook on the Law of Remedies: Damages-Equity-Restitution* § 2.3, 41-44, § 4.8, 293-94, § 9.5, 638 (1973) (discussing the equitable remedies of fraud in the inducement, estoppel, and waiver). Because the parties only sought equitable claims and defenses, Ray and Hanna had no right to a binding jury trial under South Dakota Constitution Article VI, § 6 and SDCL 15-6-39(c).

[¶11.]     Ray and Hanna, however, argue their defenses raised "questions of fact," and therefore, they were entitled to a jury trial as a matter of right. Ray and

---

5.     Fraud in the inducement may be legal or equitable depending on the relief sought. Fraud in the inducement warrants rescission, and rescission could be heard both at law and in equity. "In equity the suit is not *on* rescission, but *for* rescission; it is not a suit based upon the rescission already accomplished . . . , but a suit to have the court decree a rescission." Dan B. Dobbs, *Handbook on the Law of Remedies: Damages-Equity-Restitution* 294 (1973) (footnotes omitted). Ray and Hanna did not seek a legal remedy such as damages *on* a rescission (or in this case on the nonenforcement) of the agreement. Their defense was equitable because they asked *for* rescission (nonenforcement) of the agreement.

Hanna rely on several cases containing language stating that various equitable defenses raised "question[s] of fact for the jury." *See Poeppel v. Lester*, 2013 S.D. 17, ¶ 20, 827 N.W.2d 580, 585; *L.A. Tucker Truck Lines v. Balt. Am. Ins. Co. of N.Y.*, 97 F.2d 801, 806 (8th Cir. 1938); *Schultz v. Heritage Mut. Ins. Co.*, 902 F. Supp. 1051, 1057 (D.S.D. 1995); *Ehresmann v. Muth*, 2008 S.D. 103, ¶ 20, 757 N.W.2d 402, 406; *Garret v. BankWest, Inc.*, 459 N.W.2d 833, 848 (S.D. 1990); *Winans v. Light*, 52 S.D. 359, 217 N.W. 635, 637 (1928). Although these cases contain such language, the cases involved monetary damages or legal issues requiring juries.[6] Ultimately, Ray and Hanna fail to recognize that disputed questions of fact can be involved in either legal or equitable actions "depend[ing] upon the context in which they arise." *See Beacon Theatres, Inc. v. Westover*, 359 U.S. 500, 516, 79 S. Ct. 948, 960, 3 L. Ed. 2d 988 (1959) (Stewart, J. dissenting). Therefore, the mere existence of a dispute of fact does not dictate whether a claim is equitable or is one at law to which the right of jury trial attaches.

[¶12.]     Similarly, Ray's invocation of fraud does not determine whether the claim is an action at law or one in equity. Although fraud often gives rise to actions at law, the factual dispute concerning fraud does not, by itself, make the claim an action at law. In *Grigsby*, 124 N.W. at 858-59, we concluded that an action to determine adverse claims to real estate was on the equity rather than law side of

---

6.     More specifically, Rays and Hannas' cited cases are distinguishable either because they involved legal causes of action (i.e. breach of contract, conversion, legal malpractice, or recovery of money) or because they involved money damages requested by way of complaint or counterclaim. Moreover, Ray's and Hanna's cases did not consider the issue of whether a particular claim was an action at law triable to a jury as a matter of right.

the court even though the conveyance of land at issue was made for the purpose of defrauding creditors.

[¶13.]     Ray and Hanna also argue that *Mundhenke*, 2010 S.D. 67, 787 N.W.2d 302, supports the right to a jury trial on equitable defenses.  In that case, Mundhenke sought "an accounting, dissociation, and dissolution of a business he claimed was operated as a partnership with . . . Holm."  *Id.* ¶ 1, 787 N.W.2d at 303.  Holm responded that the partnership did not exist and a resolution of that issue involved a request for legal relief to which the right to a jury trial existed.  *Id.*  This Court did state that there was a right to jury trial because Holm's request was for a determination of legal rights under statute, which implicated an action at law.  *Id.* ¶ 18, 787 N.W.2d at 307.  But we did not hold that the analysis is simply dependent on the existence of a statute (or a dispute of fact).  The parties in *Mundhenke* essentially agreed that the determination of the existence of a valid partnership "implicated an action at law," and therefore, we did not decide the issue.  *Id.*  We specifically noted: "Neither party argues otherwise in this appeal.  Therefore, we apply the law argued by the parties and express no opinion on the merits of this issue."  *Id.* ¶ 18 n.*, 787 N.W.2d at 307 n.*.  *Mundhenke* is not controlling.

[¶14.]     In this case, all parties sought equitable relief.  Granite Buick and McKie Ford requested an injunction to enjoin its former employees from starting a competing business.  Ray's and Hanna's defenses only raised an equitable request to prevent enforcement of the agreements.  Because all claims and defenses were equitable, Ray and Hanna had no right to a binding jury trial.

[¶15.] Nevertheless, "[a] circuit court has broad discretion in an equitable action to determine whether to grant or deny a jury trial." *Id.* ¶ 11, 787 N.W.2d at 305 (citing *Fox v. Burden*, 1999 S.D. 154, ¶ 32, 603 N.W.2d 916, 924). But, as previously noted, the jury is advisory. *See supra* ¶ 7. It is "merely advisory to the court, and may be either adopted, or set aside, and other findings made by the court in opposition thereto." *F. Meyer Boot & Shoe Co. v. C. Shenkberg Co.*, 11 S.D. 620, 80 N.W. 126, 129 (1899). Because jury findings on equitable defenses are advisory, "responsibility for the decision-rendering process remains with the trial judge . . . ." *See* 9 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2335, 354-55 (3d ed. 2008) (analyzing the analogous Federal Rule of Civil Procedure 39(c)). And "[t]he court must prepare the findings of fact and the conclusions of law as it must in any other nonjury case." *Id.* at 355; SDCL 15-6-52(a) ("In all actions tried upon the facts . . . with an advisory jury, the court shall . . . find the facts separately and state separately its conclusions of law[.]"). Moreover, our "[r]eview on appeal is of the findings of the court as if there had been no verdict from an advisory jury, and there can be no review of supposed errors relating to rulings before, and instructions to, the advisory jury." 9 Wright & Miller, *supra*, § 2335, at 358-59 (footnotes omitted).

[¶16.] The circuit court treated the jury verdict as binding. The court did not enter findings of fact and conclusions of law adopting, setting aside, or rendering its own decision on the verdict. Because there are no findings of fact and conclusions of law by the circuit court to review in this appeal, we are unable to review the court's denial of Granite Buick's and McKie Ford's motions for judgment as a matter of law.

Similarly, until the court enters its findings and conclusions, we cannot determine prevailing party status and the right to the taxation of disbursements. When a case is "[im]properly submitted to a jury for a binding verdict," the verdict must be considered advisory and the "case should be remanded to the [circuit] court for findings of fact and conclusions of law." *Black v. Gardner*, 320 N.W.2d 153, 156 (S.D. 1982). We reverse and remand for the entry of findings of fact and conclusions of law on the equitable claims and defenses relating to the request for injunctive relief.

[¶17.]	GILBERTSON, Chief Justice, and KONENKAMP, SEVERSON, and WILBUR, Justices, concur.