#28267-a-SRJ
**2018 S.D. 14**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

* * * *

McKIE FORD LINCOLN, INC.,                     Plaintiff and Appellant,

    v.

SCOTT HANNA and GATEWAY
AUTOMOTIVE, LLC,                              Defendant and Appellees.

* * * *

APPEAL FROM THE CIRCUIT COURT OF
THE SEVENTH JUDICIAL CIRCUIT
PENNINGTON COUNTY, SOUTH DAKOTA

* * * *

THE HONORABLE CRAIG A. PFEIFLE
Judge

* * * *

JOHN K. NOONEY
ROBERT J. GALBRAITH of
Nooney & Solay, LLP
Rapid City, South Dakota                      Attorneys for plaintiff
        and appellant.


ROGER A. TELLINGHUISEN
MICHAEL V. WHEELER of
DeMersseman, Jensen, Tellinghuisen
   & Huffman, LLP
Rapid City, South Dakota                      Attorneys for defendants
        and appellees.

* * * *

CONSIDERED ON BRIEFS
JANUARY 8, 2018
OPINION FILED **02/07/18**

#28267

JENSEN, Justice

[¶1.] McKie Ford Lincoln, Inc. (McKie Ford) filed suit against Scott Hanna and Gateway Automotive, LLC (Gateway) seeking to enforce a non-competition and disclosure agreement (Agreement). Hanna and Gateway filed a counterclaim alleging a cause of action for barratry. The parties filed cross-motions for summary judgment. The circuit court granted Hanna and Gateway's motion and denied McKie Ford's motion. McKie Ford appeals.

## Background

[¶2.] Scott Hanna was hired as a sales manager for McKie Ford in June of 2009. On June 18, 2009, as part of his employment, Hanna signed the Agreement, which included a covenant not to compete, stating in pertinent part:

> On termination of my employment, for any cause whatsoever, I will not engage to work for any individual, firm, or entity engaged in the same or similar business or be a principal, member, or owner of any entity who is engaged in the same or similar line of business within 200 miles of the city limits of Rapid City for a period of one year subsequent to such termination, not to include any period of violation or period of time required for litigation to enforce the covenants.

[¶3.] On February 1, 2013, Hanna approached Mark McKie (McKie) to resign his position. Hanna told McKie he was leaving McKie Ford to sell cars, trucks, SUVs, campers, RVs, boats, and other recreational vehicles at another location in Rapid City. In March of 2013, Hanna and Adam Ray began operating Gateway Autoplex, LLC (Gateway Autoplex) in Rapid City. Ray was an employee of Granite Buick GMC (Granite Buick) and had also signed a non-compete agreement.

[¶4.] On April 4, 2013, in response to the operation of Gateway Autoplex, McKie Ford sued Hanna seeking injunctive relief to enforce the covenant not to

compete against Hanna. Granite Buick sued Ray seeking to enforce the covenant not to compete against Ray. The two cases were consolidated. Hanna and Ray each asserted affirmative defenses to the enforcement of the covenants not to compete, including estoppel, waiver, and fraudulent inducement. The circuit court bifurcated the proceedings to allow the jury to make fact determinations on the affirmative defenses raised by Hanna and Ray. A jury found for Hanna and Ray on several of their defenses to the enforcement of the covenants not to compete. The circuit court treated the jury's determination as binding and entered an order denying injunctive relief against both Hanna and Ray. Granite Buick and McKie Ford appealed, asserting they did not consent to a trial by jury on the equitable issues. In *Granite Buick GMC, Inc. v. Ray* (*Granite I*), 2014 S.D. 78, ¶ 16, 856 N.W.2d 799, 805, this Court reversed and remanded for the circuit court to make findings of fact and conclusions of law on the claims and defenses for injunctive relief.

[¶5.]    On remand, the circuit court found in favor of Hanna and Ray and denied injunctive relief. Granite Buick and McKie Ford appealed. In *Granite Buick GMC, Inc. v. Ray* (*Granite II*), 2015 S.D. 93, ¶ 13, 872 N.W.2d 810, 816, we affirmed the circuit court's determination that McKie Ford had waived its right to enforce Hanna's covenant not to compete. The case was remitted by the Court on December 30, 2015.

[¶6.]    On July 24, 2015, Hanna became an owner in Gateway[1] in Pierre.

---

1.    The Gateway automobile dealership in Pierre is a separate legal entity from Gateway Autoplex in Rapid City. The Gateway entity involved in this litigation was not a party to any of the proceedings in either *Granite I* or *Granite II*.

Gateway began operating in August of 2015, selling both new and used automobiles, including new Ford and Lincoln models. McKie Ford also sold new Ford and Lincoln models. Gateway is located within 200 miles of McKie Ford in Rapid City. In August 2015, McKie Ford filed this action against Hanna and Gateway in an attempt to enforce the Agreement.

[¶7.] The circuit court heard the parties' cross-motions for summary judgment on February 4, 2016. The court granted the motion for summary judgment filed by Hanna and Gateway and denied McKie Ford's motion. The court determined that the tolling provision in the Agreement did not extend the one year term of the non-compete because McKie Ford was unsuccessful in the other litigation and because the non-compete could not be enforced beyond the two year limit in SDCL 53-9-11. On April 18, 2017, the circuit court entered a final dismissal of Hanna and Gateway's counterclaim upon voluntary stipulation of the parties. McKie Ford appeals the circuit court's entry of summary judgment on the enforceability of the Agreement. We affirm.

## Standard of Review

[¶8.] Our standard of review on a grant or denial of summary judgment under SDCL 15-6-56(c) is well settled. *Hofer v. Redstone Feeders, LLC*, 2015 S.D. 75, ¶ 10, 870 N.W.2d 659, 661.

> Summary judgment is proper where, the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. SDCL 15-6-56(c). We will affirm only when no genuine issues of material fact exist and the law was applied correctly. *Luther v. City of Winner*, 2004 S.D. 1, ¶ 6, 674 N.W.2d 339, 343. We make all reasonable inferences drawn

> from the facts in the light most favorable to the non-moving party. *Paradigm Hotel Mortg. Fund v. Sioux Falls Hotel Co., Inc.*, 511 N.W.2d 567, 569 (S.D.1994). In addition, the moving party has the burden of clearly demonstrating an absence of any genuine issue of material fact and an entitlement to judgment as a matter of law. *Muhlbauer v. Estate of Olson*, 2011 S.D. 42, ¶ 7, 801 N.W.2d 446, 448.

*Id.* ¶ 10, 870 N.W.2d at 661-62.

[¶9.] Our standard of review for the interpretation of a contract is also well settled:

> "Contract interpretation is a question of law reviewed de novo." *Detmers v. Costner*, 2012 S.D. 35, ¶ 20, 814 N.W.2d 146, 151. "When interpreting a contract, this Court looks to the language that the parties used in the contract to determine their intention." *Id.* "In order to ascertain the terms and conditions of a contract, we examine the contract as a whole and give words their plain and ordinary meaning." *Nygaard v. Sioux Valley Hosps. & Health Sys.*, 2007 S.D. 34, ¶ 13, 731 N.W.2d 184, 191.

*Charlson v. Charlson*, 2017 S.D. 11, ¶ 16, 892 N.W.2d 903, 907-08 (quoting *Poeppel v. Lester*, 2013 S.D. 17, ¶ 16, 827 N.W.2d 580, 584.

[¶10.] "Questions of statutory interpretation and application are reviewed under the de novo standard of review with no deference to the circuit court's decision." *Long v. State*, 2017 S.D. 78, ¶ 5, 904 N.W.2d 358, 361 (quoting *Deadwood Stage Run, LLC v. S.D. Dep't of Revenue*, 2014 S.D. 90, ¶ 7, 857 N.W.2d 606, 609).

### Analysis

[¶11.] McKie Ford argues that the non-compete provision of the Agreement was valid and enforceable against Hanna as to his ownership and operation of

Gateway starting in July of 2015.[2] McKie Ford relies on the language of the Agreement that the covenant not to compete is enforceable "for a period of one year subsequent to such termination [of employment], *not to include any period of violation or period of time required for litigation to enforce the covenants.*" (Emphasis added.) Under this language, McKie Ford claims the one year covenant not to compete began on February 4, 2013, when Hanna left McKie Ford, and it was tolled two months later on April 4, 2013, when McKie Ford commenced the litigation against Hanna for his ownership and operation of Gateway Autoplex in Rapid City. McKie Ford argues the remaining ten-month duration resumed on December 30, 2015, when the case was remitted by this Court following its decision in *Granite II*. Under McKie Ford's reasoning, Hanna was subject to the non-compete provision in the Agreement through October 30, 2016. McKie Ford also argues that the Agreement tolls the running of the two year period in SDCL 53-9-11, which provides:

> An employee may agree with an employer at the time of employment or at any time during his employment not to engage directly or indirectly in the same business or profession as that of his employer for any period not exceeding two years from the date of termination of the agreement and not to solicit existing customers of the employer within a specified county, first or second class municipality, or other specified area for any period not exceeding two years from the date of termination of the agreement . . . .

2.  McKie Ford initially argues that the covenant not to compete in the Agreement is valid under South Dakota law, and was not waived as was determined in *Granite I* and *Granite II*. The circuit court did not address these issues in ruling on the cross-motions for summary judgment because it determined that the term of the covenant not to compete had expired. We also determine it is unnecessary to reach these issues because we affirm summary judgment.

Hanna argues that the tolling provision is inapplicable here because McKie Ford was unsuccessful in other litigation and because McKie Ford seeks to enforce the covenant beyond the two years permitted by SDCL 53-9-11.

[¶12.]    We have not previously considered the validity of a provision tolling the non-compete period for the time required to enforce the covenant through litigation.  A covenant not to compete is a restraint on trade, and SDCL 53-9-8 voids any contract that restrains trade, other than the enumerated exceptions set out in SDCL 53-9-9 to SDCL 53-9-12.  The exception in SDCL 53-9-11 permits an employee and employer to enter into a covenant not to compete within the parameters set by the statute.  In considering this exception under SDCL 53-9-11, "we must construe it narrowly so as to promote the proscription against general restraints on trade." *Am. Rim & Brake, Inc. v. Zoellner*, 382 N.W.2d 421, 424 (S.D. 1986).  The statute allows the parties to agree that the employee is prohibited from engaging in the same or similar business as the employer "*for any period* not exceeding two years from the date of termination of the agreement . . . ."  SDCL 53-9-11 (emphasis added).  The statute does not otherwise address a provision that would toll the period of the non-compete during the time necessary for litigation to enforce the covenant.

[¶13.]    Both parties argue that under the unambiguous terms of the Agreement, they are entitled to judgment as a matter of law as to the applicability of the litigation-tolling provision.  McKie Ford relies on the language in the Agreement "not to include any period of violation or period of time required for litigation to enforce the covenants."  McKie Ford also cites cases from other jurisdictions that

recognize the period of the non-compete should be tolled for the time necessary to enforce the covenant not to compete.

[¶14.] Hanna counters that the language "litigation to enforce the covenants" means the litigation must have been successful to enforce a violation of the non-compete. Hanna cites *Manpower of Guilford County, Inc. v. Hedgecock*, 257 S.E.2d 109 (Ct. App. N.C. 1979), arguing that the Agreement language is a contingency-of-litigation clause. In *Hedgecock*, the Court of Appeals of North Carolina interpreted contract language identical to the language at issue here. That court reasoned that where a one year non-compete agreement contained a provision stating that the one year period does not include litigation, the duration can exceed one year only when a court's decision is favorable to the employer. *See id.* at 115.

[¶15.] We agree with Hanna that the circuit court correctly granted summary judgment. There are no facts showing that Hanna violated the covenant not to compete during the one year period after he left his employment with McKie Ford. Further, McKie Ford was unsuccessful in its effort to enforce the covenant against Hanna in the prior litigation. The Agreement permitted the one year non-compete to be extended for any period of a violation and for "any period of time required for litigation to *enforce the covenants*." (Emphasis added). Because McKie Ford did not have a right to enforce the covenant not to compete against Hanna in the prior litigation, it cannot claim the benefit of this tolling provision. The purpose of tolling a covenant not to compete during pending litigation is to ensure that the employer receives the benefit of the bargain for the period of time the parties agreed the employee would not compete with the employer. *See JAK Prods., Inc. v. Wiza*, 986

F.2d 1080, 1090 (7th Cir. 1993); *Overholt Crop Ins. Serv. Co. v. Travis*, 941 F.2d 1361, 1371-72 (8th Cir. 1991); *Anakarli Boutique, Inc. v. Ortiz*, 152 So. 3d 107, 109 (Fla. Dist. Ct. App. 2014).

[¶16.] McKie Ford's one year covenant not to compete with Hanna expired on February 4, 2014. Hanna was no longer subject to the non-compete when he commenced ownership and operation of Gateway in Pierre in July of 2015. Because the circuit court correctly granted summary judgment, on the applicability of the tolling provision in the non-compete, it is unnecessary to discuss whether a contractual tolling provision can toll the two year limitation period for a non-compete under SDCL 53-9-11.

## Conclusion

[¶17.] Hanna was entitled to judgment as a matter of law, and his motion for summary judgment was properly granted by the circuit court. We affirm.

[¶18.] GILBERTSON, Chief Justice, and ZINTER and SEVERSON, Justices, concur.

[¶19.] KERN, Justice, disqualified, did not participate.