#27476-a-SLZ

**2016 S.D. 26**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

* * * *

MICHAEL A. GIBSON,                                    Plaintiff and Appellant,

      v.

GIBSON FAMILY LIMITED
PARTNERSHIP and DELORES GIBSON,        Defendants and Appellees.

* * * *

APPEAL FROM THE CIRCUIT COURT OF
THE THIRD JUDICIAL CIRCUIT
DEUEL COUNTY, SOUTH DAKOTA

* * * *

THE HONORABLE ROBERT L. TIMM
Retired Judge

* * * *

ALEX M. HAGEN
SHAWN M. NICHOLS of
Cadwell, Sanford, Deibert & Garry, LLP
Sioux Falls, South Dakota             Attorneys for plaintiff
                                     and appellant.


EDWIN E. EVANS of
Evans, Haigh & Hinton, LLP
Sioux Falls, South Dakota             Attorneys for defendants
                                     and appellees.


* * * *

ARGUED ON
FEBRUARY 16, 2016
OPINION FILED **03/23/16**

#27476

ZINTER, Justice

[¶1.] A limited partner sued the limited partnership and general partner claiming that the general partner breached her fiduciary duty. The limited partner also sought dissociation from the partnership for value. A jury rendered a defense verdict on the fiduciary claim, and the circuit court denied the limited partner's request for dissociation. The limited partner appeals the court's refusal to enter an order of dissociation. In the alternative, the limited partner requests a new trial on the breach of fiduciary duty claiming evidentiary errors. We affirm.

*Facts and Procedural History*

[¶2.] In 2002, Delores Gibson and her two sons, Michael and Greg Gibson, created the Gibson Family Limited Partnership (GFLP) as an estate-planning tool for Delores's estate. Michael and Greg each own a 45.8% interest, and Delores owns the remaining 8.4% interest. Neither Michael nor Greg paid for their interests in the partnership. Delores serves as the general partner, and Michael and Greg are limited partners. As the sole general partner, Delores is responsible for management of the partnership. Under the partnership agreement, Delores has sole authority to decide with whom the partnership conducts business and whether to distribute income. As limited partners, Michael and Greg have no significant duties.

[¶3.] GFLP property includes 2,060 acres of land that Delores deeded to the partnership. Michael and Greg jointly farmed and ranched on the 2,060 acres until 2006. In 2006, the brothers split and each started his own cattle and farming operation. In April 2007, GFLP loaned Greg $350,000. That same month Michael

filed suit against GFLP, Delores, and Greg, asserting various claims, including a claim that Delores breached her fiduciary duty as GFLP's general partner.[1]  In September 2008, GFLP leased the 2,060 acres to Champaygn Ranch, Inc., a business owned by Greg and his wife.  In December 2009, the 2007 suit went to trial.  The jury rejected Michael's claims that Delores breached her fiduciary duty by making the loan and leasing the property to Greg.

[¶4.]        In December 2010, GFLP renewed the lease with Champaygn Ranch for a twenty-year term.  In March 2011, GFLP entered into a contract for deed to sell 830 acres of the leased property to Greg for $1,100,000, a price based on an appraisal that Michael disputed at trial.[2]  GFLP and Greg also amended the twenty-year lease to remove the 830 acres purchased under the contract for deed. Greg continued to lease the remaining 1,230 acres of partnership property.

[¶5.]        In June 2011, Michael commenced this action asserting six claims against GFLP and Delores in her capacity as general partner.[3]  Michael again

---

1.   Michael also pleaded causes of action for intentional interference with contract, enforcement of oral lease agreements, slander, negligence, fraud and deceit, accounting and valuation of the limited partnership, and judicial dissolution of the partnership.

2.   Michael disputed the accuracy of the appraisal.  At trial, he introduced a substantially higher appraisal and claimed that the property was sold for less than fair market value.

3.   Michael pleaded six causes of action: (1) declaratory judgment, (2) cancellation of instrument, (3) breach of fiduciary duty, (4) dissociation of general partner, (5) appointment of a receiver, and (6) dissolution of partnership.  The court granted GFLP and Delores summary judgment on the declaratory judgment and cancellation of instrument actions.  After the jury rendered a defense verdict on the breach of fiduciary duty action,

(continued . . .)

claimed that Delores breached her fiduciary duty to GFLP based in part on the partnership's land transactions with Greg. Michael contended that he was "frozen out" out of the partnership and that he was incurring tax liabilities without receiving partnership distributions to pay them.

[¶6.]     The case was tried before a jury over four days. At the close of evidence, the court granted Michael's motion to amend his complaint to also seek equitable relief in the form of dissociation from GFLP for value. The parties stipulated that the court would decide Michael's equitable dissociation claim after the completion of the jury trial. The jury returned a defense verdict on the fiduciary duty claim, and the remaining claims were either dismissed or have not been appealed.

[¶7.]     After post-trial briefing, the court denied Michael's dissociation claim. He subsequently moved to reconsider based on newly discovered evidence. The court denied the motion and entered findings of facts and conclusions of law denying dissociation.

[¶8.]     Michael appeals raising three issues:

> (1)     Whether the circuit court erred in declining to order dissociation for value.
>
> (2)     Whether the circuit court erred in invoking the unclean hands doctrine as a basis to deny Michael's request for dissociation.
>
> (3)     Whether the circuit court erred on two evidentiary rulings in the jury trial and erred in refusing to reconsider its

---

(. . . continued)
      Michael stipulated to the dismissal of the receivership and dissolution actions.

decision to deny dissociation based on newly discovered evidence.

*Decision*

[¶9.] Michael first argues that he was entitled to dissociate for value. There is no dispute GFLP is a limited partnership; Michael was not entitled to withdraw under the limited partnership agreement; and therefore, Michael was not entitled to withdraw under South Dakota's version of the Uniform Limited Partnership Act (ULPA), SDCL chapter 48-7. However, Michael points out that "dissociation"[4] is not mentioned in ULPA. Therefore, Michael claims entitlement to dissociation under South Dakota's version of the Uniform Partnership Act, commonly referred to as the Revised Uniform Partnership Act (RUPA), SDCL chapter 48-7A, which recognizes events resulting in dissociation. He asserts that RUPA applies under a ULPA linking statute, SDCL 48-7-1105, which provides: "In any case not provided for in [ULPA], the provisions of [RUPA] govern."

[¶10.] Assuming that the linking provision applies, Michael claims entitlement to dissociation under two RUPA provisions. He relies on SDCL 48-7A-601(7)(iii), which recognizes dissociation if a partner can no longer perform his or her duties under the partnership agreement. Michael also claims entitlement to dissociation under SDCL 48-7A-104, which authorizes principles of equity to supplement RUPA under certain circumstances. Although the parties have devoted substantial briefing and argument to the linking question—whether dissociation

---

4. Dissociation denotes "the change in the relationship caused by a partner's ceasing to be associated in the carrying on of the business." Rev. Unif. P'ship Act § 601 cmt. 1. (Unif. Law Comm'n 1997).

-4-

applies under RUPA because ULPA prohibits "withdrawal" but not "dissociation"—
we do not reach that question in this case. We do not reach it because even if we
assume that limited partners may dissociate under RUPA, Michael cannot
dissociate under either of the two RUPA provisions upon which he relies.

[¶11.]      Michael first claims dissociation under SDCL 48-7A-601(7)(iii). That
statute provides that dissociation occurs upon a "judicial determination that the
partner has otherwise become incapable of performing the partner's duties under
the partnership agreement[.]" SDCL 48-7A-601(7)(iii). Michael does not, however,
identify the "partner's duties" that he is incapable of performing under the GFLP
agreement. Moreover, the circuit court found that Michael has no significant duties
under the GFLP agreement, and Michael has not appealed that finding. At oral
argument, Michael admitted that his position in the limited partnership is like that
of a passive investor. Accordingly, even if RUPA applies via the linking provision of
ULPA, Michael is not entitled to dissociation under SDCL 48-7A-601(7)(iii).

[¶12.]      Michael also has no claim to dissociation under SDCL 48-7A-104(a).
That statute provides that "[u]nless displaced by particular provisions of this
chapter, the principles of law and equity supplement this chapter." SDCL 48-7A-
104(a). Michael argues that he is entitled to dissociate on supplemental grounds of
equity because no provision in RUPA precludes a court from compelling a partner's
dissociation on equitable grounds. We disagree with Michael's reasoning. Because
SDCL 48-7A-601 enumerates *all* of the grounds for dissociation and "equity" is not
included, *see* Rev. Unif. P'ship Act § 601 cmt. 1 (Unif. Law Comm'n 1997), general
equitable grounds have been displaced by the statutory enumeration in SDCL 48-

7A-601. Consequently, assuming without deciding that RUPA applies, Michael's claim for dissociation on supplemental principles of equity under SDCL 48-7A-104 is not permitted.[5] Further, because a stand-alone claim of equitable dissociation is not permitted, we need not address Michael's second issue—whether the court erroneously considered Michael's unclean hands in denying equitable dissociation. We affirm the circuit court's denial of dissociation.

---

5. Michael's authorities do not support his proposition that because "no provision in chapter 48-7A *precludes* equitable dissociation . . . a court may order a limited partner be dissociated for value on equitable grounds." (Emphasis added.) Michael's reliance on *Landstrom v. Shaver*, 1997 S.D. 25, 561 N.W.2d 1, is misplaced because it did not consider the question of statutory displacement. It also involved the question of implied powers that exist under a dissolution provision of the Model Business Corporations Act rather than RUPA. *Id.* ¶¶ 32-41, 561 N.W.2d at 7-9. *Mundhenke v. Holm*, 2010 S.D. 67, ¶ 14, 787 N.W.2d 302, 305-06, is inapposite because it dealt with interpreting pleadings to determine whether an action was in equity or at law for purposes of entitlement to a jury trial. *Park Regency, LLC v. R & D Dev. of the Carolinas, LLC*, 741 S.E.2d 528 (S.C. Ct. App. 2012), is inapposite because it merely recognized the equitable nature of the dissociation remedy that was authorized under South Carolina's Limited Liability Company Act. *Id.* at 533. Finally, Michael's remaining cases were each decided under the respective jurisdictions' analogs to SDCL 48-7A-601(5)(iii), which govern dissociation upon a partner's *expulsion* for conduct making "it not reasonably practical to carry on the business in partnership with the partner[.]" *Brennan v. Brennan Assocs.*, 977 A.2d 107, 115 (Conn. 2009); (upholding dissociation under Conn. Gen. Stat. Ann. § 34-355, which is identical to SDCL 48-7A-601(5)(iii); *Giles v. Giles Land Co., L.P.*, 279 P.3d 139, 144 (Kan. Ct. App. 2012) (upholding dissociation under K.S.A. 56a–601(e)(1), and (e)(3), which are identical to SDCL 48-7A-601(5)(i), and (5)(iii)); *Robertson v. Jacobs Cattle Co.*, 830 N.W.2d 191, 201 (Neb. 2013) (upholding dissociation under Neb. Rev. Stat. § 67-431(5)(a), and (5)(c), which are identical to SDCL 48-7A-601(5)(i), and (5)(iii)). In this case Michael does not seek expulsion and dissociation under SDCL 48-7A-601(5)(iii). Moreover, because these cases were decided under express provisions of section 601, they do not support dissociation on *stand-alone* principles of equity under a RUPA provision like SDCL 48-7A-104(a).

[¶13.] In his final issue, Michael contends that the court erred in two evidentiary rulings in the jury trial. He also contends that the court erred by refusing to reconsider dissociation based on newly discovered evidence.

[¶14.] The first evidentiary issue involved the $350,000 loan to Greg. Prior to trial, the circuit court ruled that evidence of the loan was precluded by res judicata because the propriety of the loan had been previously litigated in the 2007-2009 case. Michael, however, claims that the loan became admissible during this trial to impeach Delores after she testified that she had not made any distributions "because the money is not there." Michael also introduced a GFLP balance sheet showing that the loan existed. Michael argues this evidence "opened the door" to impeach Delores's statement that she did not make distributions because the partnership was illiquid. He points out that the loan to Greg was part of the illiquidity problem.

[¶15.] An evidentiary ruling will not be overturned unless error is shown to be prejudicial. *McDowell v. Citibank*, 2007 S.D. 52, ¶ 26, 734 N.W.2d 1, 10. "Error is prejudicial when, in all probability, it produced some effect upon the final result and affected some rights of the party assigning it." *Id.* Michael contends that the court's refusal to allow the loan evidence prejudiced his breach of fiduciary duty claim because the evidence would have shown that Delores's favorable partnership loan to Greg caused her failure to make distributions. However, under the partnership agreement, Delores was not required to make distributions and she had complete discretion to decide with whom and how to conduct partnership business.

We conclude that evidence of the loan would not have affected the jury's verdict on the breach of fiduciary duty claim.[6]

[¶16.]       Michael's second evidentiary issue involved the circuit court's allowance of expert testimony on the legality and reasonableness of the leases and contract for deed with Greg. GFLP's attorney, Robert Ronayne, drafted the leases and contract for deed. Ronayne opined that the GFLP leases and the contract for deed were consistent with South Dakota law, were authorized under the GFLP agreement, and were reasonable. Michael contends this testimony was improper expert opinion testimony because it invaded the province of the jury. He also contends that the probative value of the evidence was outweighed by its prejudicial effect. We disagree.

[¶17.]       The ultimate issue in the jury trial was whether Delores breached a fiduciary duty owed to Michael and the partnership. In evaluating that issue, the jury was instructed that a partner's duty of care requires a partner "to refrain[] from engaging in . . . a knowing violation of the law." Therefore, in determining the ultimate issue of duty, Ronayne's opinion was necessary to "help the trier of fact . . . determine a fact in issue"; i.e. the subsidiary question of legality. *See* SDCL 19-19-702(a). Moreover, Ronayne did not "merely tell [the] jury what result to reach[.]" *See generally, State v. Guthrie,* 2001 S.D. 61, ¶ 33, 627 N.W.2d 401, 415. He opined only on the subsidiary questions of legality and propriety that were factors to

---

6.       Michael introduced the balance sheet. Therefore, he has no "opening the door" argument with respect to the balance sheet.

consider in determining the ultimate fiduciary duty issue. The circuit court did not abuse its discretion in allowing Ronayne's testimony.

[¶18.] After the circuit court denied Michael's claim to dissociate, he moved for reconsideration under SDCL 15-6-60(b)(2). Michael indicated that after the court's ruling, he discovered that GFLP paid $25,000 for improvements to a feedlot that it leased to Greg. He also discovered that GFLP paid attorney's fees incurred in this litigation despite a provision in the contract for deed under which Dolores could have required Greg to pay those fees.

[¶19.] SDCL 15-6-60(b)(2) authorizes relief from a final judgment based on newly discovered evidence that could not have been discovered within ten days after notice of entry of judgment. To obtain such relief, the movant must show that: "(1) the evidence was discovered after trial; (2) [he] exercised due diligence to obtain the evidence for trial; (3) the evidence is not merely cumulative or impeaching; (4) the evidence is material; *and* (5) the evidence is such that a new trial would probably produce a new verdict." *Barnaud v. Belle Fourche Irrigation Dist.*, 2000 S.D. 57, ¶ 24, 609 N.W.2d 779, 784-85.

[¶20.] Michael failed to show that the new evidence was material and that it would have probably produced a new decision ordering dissociation. Assuming that the linking provision applied, we have previously concluded that Michael's dissociation claim could have arisen only under SDCL 48-7A-601(7)(iii). *See supra* ¶¶ 11-12. Therefore, to be material, his Rule 60(b)(2) showing must have related to Michael's inability to perform his duties under the partnership agreement. *See* SDCL 48-7A-601(7)(iii). However, Michael's newly discovered evidence related only

to Delores's business decisions that were favorable to Greg. Because this evidence did not relate to the dissociation question under SDCL 48-7A-601(7)(iii), the evidence was not material. And because the evidence was not material, it would not have likely caused a different decision. We affirm the denial of Michael's motion for relief from the judgment.

[¶21.]     Affirmed.

[¶22.]     GILBERTSON, Chief Justice, and SEVERSON, WILBUR, and KERN, Justices, concur.